# MANDATE

15-3182-cv
*Town of Mamakating, et al. v. Shalom Lamm, et al.*

N.Y.S.D. Case #
15-cv-2865(KBF)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

Present:
        PETER W. HALL,
        GERARD E. LYNCH,
        DENNY CHIN,
                *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 7, 2016

THE TOWN OF MAMAKATING, NEW YORK, THE VILLAGE OF BLOOMINGBURG, NEW YORK,

                *Plaintiffs-Appellants*,

        v.                    No. 15-3182-cv

SHALOM LAMM, KENNETH NAKDIMEN, DUANE ROE, SULLIVAN FARMS II, INC., RAYMOND FARMS, LLC, BLOOMINGBURG RENTALS, LLC,

                *Defendants-Appellees*,

JOHN DOES, #1-250, MARK BERENTSEN,

                *Defendants.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | DAVID CLIFFORD HOLLAND, Law Offices of David Clifford Holland, P.C., New York, NY |
| | Philip Thomas Simpson, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY. |
| For Defendants-Appellees: | STEVEN ANDREW ENGEL, Jamie Hacker, Benjamin Morgan Rose, Dechert LLP, New York, NY. |
| | Robert Nathan Isseks, Alex J. Smith, Law Office of Alex J. Smith, Middletown, NY. |

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellants, the Town of Mamakating, New York ("Town") and the Village of Bloomingburg, New York ("Village"), appeal a September 14, 2015 judgment entered in the United States District Court for the Southern District of New York dismissing their federal claims and declining to assert supplemental jurisdiction over their remaining state law claims. Appellants asserted 17 claims, arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. ("RICO") and under New York law, against various individual and entity defendants alleging that they engaged in fraud, bribery, intimidation, voter fraud, and corrupting local public officials and government institutions in order to build Chestnut Ridge—a high density residential community. The defendants moved to dismiss, and the district court granted the motion. The district court dismissed Appellants' RICO claims on three equally dispositive and separate grounds: (1) Appellants' RICO claims were time-barred; (2) Appellants

failed to allege a RICO enterprise; and (3) Appellants failed to allege a RICO injury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below we affirm the judgment of the district court.

We review *de novo* the district court's dismissal under FRCP 12(b)(6). *Pac. Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 150 (2d Cir. 2010). At the motion to dismiss stage, we must accept "all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). When "a defendant . . . raise[s] an affirmative defense in a pre-answer Rule 12(b)(6) motion," a court may grant the motion "if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

We begin by determining whether Appellants' RICO claims are time-barred. Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). "The limitations period begins to run when the plaintiff discovers or should have discovered the RICO injury." *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998). It is the discovery of the injury that triggers the limitations period, "not [the] discovery of the other elements of a claim." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Because Appellants initiated this action on April 14, 2015, the statute of limitations will bar Appellants' RICO claims if the limitations period began to run before April 14, 2011.

Appellants' RICO claims are time-barred because, to the extent they have claimed to have suffered a RICO injury, Appellants had actual or inquiry notice of their injury by June 2010 at the latest. The amended complaint alleges that in 2006 Defendant Duane Roe misrepresented the size, scope, and character of the Chestnut Ridge development project and, in reliance on these misrepresentations, Appellants passed a resolution annexing zoning authority from the

Town to the Village. In January 2009, Roe filed a revised development plan with the Village Planning Board that increased the number of residential units from 125 to 396. At this point the Village became aware of Roe's 2006 misrepresentations and that the zoning authority transfer was based on fraud. Moreover, by June 2010, when the Village Planning Board granted conditional final approval to the Chestnut Ridge site plan, there is no doubt that the Village had actual knowledge of the alleged fraud. To the extent that the Town was unaware of the altered and approved site plan, the plan was a publicly accessible document such that the Town was on inquiry notice of the plan's contents. *See Menowitz v. Brown*, 991 F.2d 36, 42 (2d Cir. 1993). Because Appellants knew or should have known by June 2010 that defendants defrauded them in order to obtain permits for the Chestnut Ridge development, their RICO claims are barred by the four-year statute of limitations.

Appellants' arguments to the contrary are unpersuasive. They contend that the statute of limitations period did not begin until May 17, 2012 because after the defendants changed the development plans in June 2010, Deputy Mayor Teich inquired of the village attorney about the absence of a golf course and swimming pool from the plan and was given "words of comfort" such that a reasonable investigator would have been satisfied. *See LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 155 (2d Cir. 2003). They argue further that they were unaware that the new plans did not contain a golf course until May 17, 2012, when Mayor Berentsen told Tiech that New York State had blocked the golf course due to concerns about surrounding wetlands. Even accepting Appellants' premise that the exclusion of the golf course and swimming pool was the RICO injury itself, as pleaded in the complaint, the village attorney told Teich to take up the issue with the Village Planning Board. This response clearly does not constitute words of comfort and would not have satisfied a reasonable investigator. Moreover, as

described above, the Village at that time had actual knowledge that the 2006 plans did not reflect the true scope and size of the development.

Appellants further argue that even if the fraud related to the number of houses being constructed in Chestnut Ridge put them on notice by June 2010, they suffered a new and independent injury in 2012 when the town granted a waste water treatment monopoly to the defendants and when the true change in population density became known, and then again in 2014 when defendants perpetrated voter fraud, such that the statute of limitations period began anew with each subsequent injury. While we have recognized that "in some instances a continuing series of fraudulent transactions undertaken within a common scheme can produce multiple injuries which each have separate limitations periods," this principle only applies if the injury is "new and independent." *Merrill Lynch*, 154 F.3d at 59. Here, Appellants' injuries are not "new and independent." All of the alleged injuries that arose out of the waste water monopoly or resulted from the true change in population density and the voter fraud are of the same kind and arose out of the same scheme as the injuries that flowed from the original 2006 misrepresentations in the Chestnut Ridge development plan, which Appellants were aware of by June 2010. All of the alleged injuries—the transfer of zoning authority, the inability to attract new business, and the increased burden on municipal services—are part of the same original injury—the loss of control over local resources and resource management. Appellants' subsequent injuries are not "new and independent" from their original injury, and thus the statute of limitations period began in June 2010 when the Appellants knew or should have known that they were defrauded into permitting the Chestnut Ridge development.

Because we affirm the district court's judgment on the basis that the claims are untimely, we need not address whether the Appellants have adequately pleaded a RICO injury or a RICO enterprise.[1] We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] On appeal, Appellants do not raise any issues related to their state law claims, and we therefore consider any challenge to the dismissal of those claims abandoned. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 294 (2d Cir. 2008).